**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FREDERICK W. SMITH, JR.,           )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          Civil Action No. 26-70-CFC-SRF
                                   )
CHRISTIANA CARE HEALTH SYSTEM,     )
                                   )
          Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff Frederick W. Smith, Jr. ("Plaintiff") filed this action on January 22, 2026, alleging violations of his constitutional rights to due process and equal protection under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, I recommend that the court DISMISS WITH PREJUDICE the claims against defendant Christiana Care Health System.

## I.    BACKGROUND

Plaintiff brings this civil rights action against Defendant pursuant to 42 U.S.C. § 1983 for violations of his equal protection and due process rights under the Fourteenth Amendment. According to the complaint, Plaintiff went to Christiana Care Hospital on December 30, 2025 to report an alleged fraud and seek psychiatric care and/or assistance from a housing specialist. (D.I. 2 at 8, 14) Plaintiff claims that constable security officers at Christiana Care Hospital assaulted him by injecting him with three tranquilizers and then transported him to the Rockford Center without his consent. (*Id.* at 9-10) Plaintiff remained at the Rockford Center from December 31, 2025 to January 5, 2026. (*Id.* at 10)

Plaintiff alleges that the actions of defendant Christiana Care Health System constituted negligence, mental anguish, kidnapping, false imprisonment, forgery, and fraud in addition to the violations of his constitutional rights. (*Id.* at 13) He seeks to recover $11 million in punitive and compensatory damages. (*Id.*)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an

entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

When bringing a claim under Section 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law," a defendant must be "clothed with the authority of state law." *Id.* at 49. Conduct by a private actor generally does not give rise to a claim for violations of a plaintiff's federal constitutional rights. *Id.* at 48. Although a private individual may be liable under 42 U.S.C. § 1983, such liability requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "The critical issue is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1984).

There are no claims that defendant Christiana Care Health Systems is a state actor. *See Webb v. Christiana Care Health Servs., Inc.*, C.A. No. 22-1267-MN, 2023 WL 112090, at *3 (D. Del. Jan. 5, 2023) (describing Christiana Care as "a private not-for-profit regional health care system."). Plaintiff's claims for violations of his constitutional rights under the Fourteenth Amendment are legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Plaintiff attempts to raise claims under Delaware law for negligence, mental anguish, kidnapping, false imprisonment, forgery, and fraud, the record does not support a basis

4

for subject matter jurisdiction. Diversity jurisdiction exists when the amount in controversy

exceeds the sum or value of $75,000 and the suit is between citizens of different states. *See* 28

U.S.C. § 1332(a). The parties in this case are citizens of Delaware. Accordingly, Plaintiff's state

law claims cannot proceed based on diversity jurisdiction, and I recommend that the court

decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods,*

*Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *see also Sinai v. Del-One Fed. Credit Union*, C.A. No.

25-153-CFC, 2025 WL 1094326, at *2 (D. Del. Apr. 11, 2025); *Lorah v. Christiana Care*

*Hospital*, C.A. No. 16-1018-LPS, 2017 WL 3396448, at *4 (D. Del. Aug. 8, 2017).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form

set forth below:

### ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on April __, 2026 is **ADOPTED.**

2.    Plaintiff's claims against defendant Christiana Care Health Services are

**DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i). Amendment is futile.

3.    The court declines to exercise supplemental jurisdiction.

4.    Plaintiff's motion for e-filing rights (D.I. 5) is **DENIED** as moot.

5.    The Clerk of Court is directed to **CLOSE** the case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall

be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served

with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 14, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE